IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GILEAD SCIENCES, INC., | ) |
|           Plaintiff, | ) |
|           v. | ) C.A. No. 22-615 (MN) |
| LUPIN LTD., LAURUS LABS LIMITED, and CIPLA LIMITED, | ) |
|           Defendants. | ) |

## CONSENT JUDGMENT AND ORDER

This action for patent infringement having been brought by Plaintiff Gilead Sciences, Inc. ("Gilead") against Defendant Laurus Ltd. ("Laurus") for infringement of U.S. Patent Nos. 9,708,342 and 11,744,802 (the "Patents-in-Suit");

Gilead and Laurus (the "Parties") having agreed to terminate the pending litigation by the entry of this Judgment and Order; and

The Parties now consent to this Judgment and Order.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

    1.    This Court has jurisdiction over the Parties and subject matter of this action.

    2.    All affirmative defenses, claims, and counterclaims in this action are hereby dismissed without prejudice.

    3.    The claims of the Patents-in-Suit are valid and enforceable with respect to the manufacture, use, sale, offer for sale, and/or importation of the product of ANDA No. 217037 in the United States.

    4.    Except as agreed by and between the Parties, Laurus and its Affiliates are hereby enjoined from making, having made, using, having used, offering for sale, having

offered for sale, selling, or having sold in the United States, or importing or having imported into the United States, the product of ANDA No. 217037 until the date agreed by and between the Parties. For the purposes of this Judgment and Order, "Affiliate" means, with respect to a Person, any other Person controlling, controlled by or under common control with such Person, but only as long as such control continues, where control and its correlates, as used in this definition, means (a) the ownership of at least fifty percent (50%) of the equity or beneficial interest of such other Person, (b) the right to vote for or appoint a majority of the board of directors or other governing body of such other Person, or (c) the power, whether pursuant to contract, ownership of securities, or otherwise, to direct the management and policies of such other Person.

5. The Parties waive all right to appeal from this Judgment and Order.

6. This Court shall retain jurisdiction over this action and over the Parties for purposes of enforcement of the provisions of this Judgment and Order.

7. Each Party is to bear its own costs and attorneys' fees.

8. Nothing herein shall be construed as preventing the U.S. Food & Drug Administration from granting final, effective approval to Laurus's ANDA No. 217037.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SEITZ, VAN OGTROP & GREEN, P.A. |
|---|---|
| /s/ *Jeremy A. Tigan* | /s/ *James S. Green, Jr.* |
| Jeremy A. Tigan (#5239)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jtigan@morrisnichols.com<br>mdellinger@morrisnichols.com | James S. Green, Jr. (#4406)<br>222 Delaware Avenue, Suite 1500<br>P.O. Box 68<br>Wilmington, DE  19899<br>(302) 888-0607<br>jsgreen@svglaw.com<br><br>*Attorneys for Defendant Laurus Labs Limited* |

*Attorneys for Plaintiff Gilead Sciences, Inc.*

September 12, 2025

**IT IS SO ORDERED** this 12th day of September 2025.

_____
The Honorable Maryellen Noreika
United States District Judge