IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GILEAD SCIENCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-615 (MN) |
| ) | |
| LUPIN LTD., LAURUS LABS LIMITED, ) | |
| and CIPLA LIMITED, ) | |
| ) | |
| Defendants. ) | |

**ORDER AFTER PRETRIAL CONFERENCE**

AND NOW, this 2nd day of October 2025, after a Pretrial Conference and upon consideration of the Proposed Pretrial Order (D.I. 350 & 351) and the discussion at the September 29, 2025 Pretrial Conference, IT IS HEREBY ORDERED that:

1. The Proposed Pretrial Order is ADOPTED as modified by any discussion at the Pretrial Conference. (*See* D.I. 360).

2. A five-day bench trial between Plaintiff and the remaining Defendant, Cipla Limited ("Defendant"), will begin on October 6, 2025 at 8:30 a.m. Subsequent trial days will begin at 8:30 a.m., except that trial will begin in the afternoon on Tuesday, October 7, 2025 with the exact time to be determined. Each side should be prepared to present its case until 6:00 p.m. of each trial day, although the end of the trial day may, at the discretion of the Court, be earlier or later than 6:00 p.m.

3. The trial will be timed. Each side is allowed up to twelve (12) hours in the trial for its opening statement, its direct and cross-examination of witnesses, closing arguments and

argument of evidentiary issues.[1]  Time during the trial day that does not neatly fit into one of these categories will be attributed to one side or the other as the Court deems appropriate.

4.  There will be thirty to forty-five minutes for lunch and a fifteen-minute break in the morning and in the afternoon.

5.  For the reasons stated at the Pretrial Conference, Plaintiff's Motion *in Limine* No. 1 (D.I. 351, Exhibit 16) is GRANTED-IN-PART.[2]  Plaintiff withdrew its Motion *in Limine* No. 2 (*Id.*) at the Pretrial Conference.  (D.I. 360 at 7:23–8:6).

6.  As explained at the Pretrial Conference, the parties may not provide witness binders or physical copies of documents (demonstratives, deposition transcripts, etc.) to the Court, but the parties must provide witness binders to the witnesses.  The parties shall provide electronic copies of ALL trial exhibits to the Courtroom Deputy by NOON on October 3, 2025.  The trial exhibits must be labeled with JTX, DTX or PTX prefixes with exhibit numbers, and the trial exhibits must be organized in a single folder.  Additionally, at the beginning of each trial day, the parties shall provide to the Court's Judicial Administrator and Courtroom Deputy electronic copies of witness

---

[1] After the Pretrial Conference, Plaintiff informed the Court that it had further narrowed the asserted claims and requested the Court reduce the trial time of each party to 10.5 hours. (D.I. 362).  Although the Court appreciates Plaintiff's efforts to narrow the case and largely agrees that twelve (12) hours per side is no longer necessary, it will not at this juncture reduce the trial time over Defendant's objection to doing so.  The Court also accepts the parties' proposal for the order of proof at trial.  (D.I. 361).

[2] Plaintiff's first motion *in limine* seeks to preclude Defendant from presenting evidence or argument that Plaintiff intentionally delayed development of tenofovir alafenamide ("TAF").  (D.I. 351, Exhibit 16).  The parties resolved this issue at the Pretrial Conference. Plaintiff agreed not to present evidence or argument to attempt to prove that its business practices have benefited patients living with AIDS or HIV infections.  (*See* D.I. 360 at 4:21–5:21).  In turn, Defendant agreed not to present evidence or argument that Plaintiff intentionally delayed development of TAF, except for the limited purpose of contesting whether companies typically bring more than one compound into a clinic.  (*See id.* at 5:22–7:21).

folders containing the exhibits and demonstratives (if any) to be used on direct examination and cross-examination[3] of any witnesses expected to be called that day.

       7.      Any trial logistics should be coordinated through the Courtroom Deputy.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[3]    This includes any deposition transcripts or expert reports to be used with witnesses.